UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X CIVIL ACTION No.10CV3023(AKH)

MANLIO MEDRANO,

                        **SECOND AMENDED COMPLAINT**

              PLAINTIFF,

   - against -

                          **JURY DEMAND**

DETECTIVE MICHAEL MARKLE, SHIELD #1277;
DETECTIVE SPECIALIST STEPHEN CLIFFORD, SHIELD #4130;
DETECTIVE SPECIALIST BRIAN BROWN, SHIELD #4756;
FORMER SERGEANT SPECIALIST PAUL HARGROVE, SHIELD #13765;
AND JOHN DOE POLICE OFFICERS 1-5

             DEFENDANTS.
------------------------------------------------------------X

The plaintiffs, complaining of the defendants, by their attorneys Law Office of Jose A. Muñiz, PLLC, respectfully shows to this Court and alleges:

## NATURE OF ACTION

1. This is an action to recover money damages arising out of defendants violations of plaintiff, MANLIO MEDRANO's rights under the constitution and laws of the United States and the State of New York, as a result of Plaintiff's arrest and incarceration on November 16, 2007, inside of his apartment located at 38-04 100th Street, Queens, New York. As a result of this arrest, defendants used excessive force, resulting in plaintiff's left arm being fractured, required emergency surgery and subsequent surgeries.

2. The State criminal charges against plaintiff were dismissed on October 22, 2009, on the merits.

## JURISDICTION

3. That Jurisdiction is founded upon the existence of a Federal Question.

4. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983) and arising under the law and statutes of the State of New York.

5. Jurisdiction is founded upon U.S.C. §1331 AND 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to a plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

6. That the plaintiff MANLIO MEDRANO is a resident alien and he is a resident of the City of New York, County of Queens, State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, the THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all Detectives and police officers thereof.

8. Upon information and belief, at all times hereinafter mentioned, and on or prior to the November 16, 2007, defendant, Detective Specialist, Michael Markle was employed by THE CITY OF NEW YORK, as a Detective, in the NYPD's Emergency Services Squad.

9. Upon information and belief, at all times hereinafter mentioned, and on or prior to November 16, 2007, defendant, Detective Specialist Stephen Clifford, was employed by THE CITY OF NEW YORK, as a Detective, in the NYPD's Emergency Services Squad.

10. Upon information and belief, at all times hereinafter mentioned, and on or prior to November 16, 2007, defendant, Detective Specialist Brian Brown, was employed THE CITY OF NEW YORK, as a Detective, in the NYPD's Emergency Services Squad.

11. Upon information and belief, at all times hereinafter mentioned, and on or prior to the November 16, 2007, defendant, former Sgt. Paul Hargrove, was employed by defendant, THE CITY OF NEW YORK, as a Sergeant, in the NYPD.

12. Upon information and belief, that at all times hereinafter mentioned, and on or about November 16, 2007, defendants John Doe Police Officers 1-5 were employed by the CITY OF NEW YORK.

13. This action arises under the United States Constitution, particularly under provision of the Fourth and Fourteen Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

14. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinance,

regulations, customs and usages of the State of New York, the City of New York and the County of Queens.

### JURY DEMAND

15. Plaintiff demand trial by jury in this action.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF MANLIO MEDRANO FOR DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 USC § 1983

16. Plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs market FIRST through SIXTEEN with the force and effect as is more fully set forth herein.

17. That on or about November 16, 2007, plaintiff, MANLIO MEDRANO, was lawfully and properly in his home, located at 38-04 100th Street, in the County of Queens, City and State of New York at which time and place defendants then and there were at, as part of their regular and official employment as police Detectives for the defendant, THE CITY OF NEW YORK, entered plaintiff's residence, with a warrant.

18. The conduct and actions of defendants, Detectives Markle, Clifford Brown and former Sgt. Hargrove, and John Doe Officers 1-5 acting under color of law, in that they deliberately beat, punched and kicked plaintiff while lawfully in his home, and was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious bodily

harm, pain and suffering, including a fractured left arm, requiring several surgeries, in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, that by reason of the aforesaid, the plaintiff requests the following relief:

a) Compensatory damages in a sum of to be determined at trial;

b) Punitive damages in a sum to be determined at trial;

c) An award of reasonable attorney's fees, costs and disbursements;

And, such other and further relief as this Court may deem just, meet and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: New York, New York
August 14th, 2012

BY: JOSE A. MUÑIZ, ESQ. (3101)
THE LAW OFFICE OF JOSE A. MUÑIZ, PLLC
277 BROADWAY, SUITE 108
NEW YORK, NY., 10007
Jamlaw305@aol.com